UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISAIAH DUPREE HARRIS,

      Plaintiff,

v.

PROUGH, et al.,

      Defendants.

Case No. 25-cv-11647

Honorable Robert J. White

---

**OPINION AND ORDER PARTIALLY DISMISSING THE COMPLAINT**

---

## I.    <u>Introduction</u>

Before the Court is Plaintiff Isaiah Dupree Harris's *pro se* complaint, filed pursuant to 42 U.S.C. § 1983. (ECF No. 1).  Harris is in the custody of the Michigan Department of Corrections (MDOC).  The complaint names five MDOC employees as defendants: Unknown Prough, Unknown Kramer, Unknown Ellis, Unknown Winchell, Kim Cargo, and Keith Barber.  Harris claims Defendants violated his rights under the Eighth and Fourteenth Amendments.

For the reasons explained below, the complaint is dismissed.  Harris's Fourteenth Amendment claim is dismissed with prejudice; his Eighth Amendment claim is dismissed without prejudice.

## II.  <u>Background</u>

Harris complains that he was issued a misconduct ticket by Defendant Lieutenant Prough for allegedly assaulting another inmate on November 11, 2024. Harris states that Prough issued the ticket without proper investigation because Prough did not review video footage which would exculpate Harris.  According to Harris, Defendant Sergeant Winchell also claimed to have investigated the incident but failed to interview the victim or review the video footage.  Ultimately, ALJ Scheider reviewed the video footage and found Harris not guilty.  Harris was apparently then released from segregation on November 20, 2024.  Harris claims that Prough's and Winchell's failure to investigate the allegations violated his Fourth Amendment right to due process.

Harris also claims that the conditions of his confinement while housed in segregation violated his rights under the Eighth Amendment.  He states that his segregation cell "was covered in human feces, urine and other bodily fluids, along with rodent excrement[]," and that he was forced to eat and sleep in these conditions. (ECF No. 1, PageID.9).  And he was allegedly denied cleaning supplies.  Harris claims that these conditions caused him mental anguish, depression, and distress.

## III.  <u>Legal Standards</u>

The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action under 28 U.S.C. § 1915(a)(1). (ECF No. 5).  Under the

Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).  A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Nevertheless, while a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted).  Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978).

## IV.  <u>Analysis</u>

### A.  *Due Process Claim*

Harris complains that Defendants violated his Fourteenth Amendment right to due process by failing to properly investigate before issuing a misconduct ticket. Harris's primary complaint about the investigation is Defendants' failure to review video footage of the alleged assault.  He claims that, had they done so before charging him with misconduct, they would have seen that the assault allegation was discredited by the video.

There is "no constitutional right to be free from false accusations of misconduct." *Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003).  "Due process of law requires only that the person have the opportunity to convince an unbiased decision maker that he has been wrongly or falsely accused or that the evidence against him is false." *Onumonu v. Mich. Dep't of Corr.*, No. 1:21-cv-33,

4

2021 WL 972809, at *3 (W.D. Mich. Mar. 16, 2021); *see also Hursey v. Anderson*, No. 16-1146, 2017 WL 3528206, at *2 (6th Cir. Mar. 31, 2017) (agreeing that an inmate's misconduct proceedings did not implicate a protected liberty interest because he was found not guilty); *Barlow v. Dominguez*, No. 98-2414, 1999 WL 1045174, at *1 (6th Cir. Nov. 9, 1999) (noting that the inmate's "due process rights were protected when, at an administrative hearing concerning the ticket, [the inmate] was found not guilty and the ticket was dismissed"). Harris's due process claim fails because he was ultimately found not guilty of the misconduct.

### B. Eighth Amendment Claim

Harris was found not guilty of the misconduct, and the Court now addresses the conditions of his confinement while he was in segregation. Harris alleges that for 9½ days he was confined in a shockingly unsanitary cell covered in human feces and urine, as well as rodent excrement. He was allegedly forced to sleep and eat in these unsanitary conditions and denied cleaning supplies.

To establish an Eighth Amendment violation based on the conditions of confinement, an inmate must show that (1) he suffered a "sufficiently serious" deprivation and (2) a prison official acted with a "sufficiently culpable state of mind" in creating that condition. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (citation omitted). In prison-conditions cases, a sufficiently culpable state of mind is one of "deliberate indifference" to inmate health or safety. *Id.* The Sixth Circuit Court of

Appeals has held that "placing a prisoner in a cell covered with fecal matter" is a sufficiently serious deprivation satisfying the first element of an Eighth Amendment conditions of confinement claim. *Taylor v. Larson*, 505 F. App'x 475, 477 (6th Cir. 2012).

With respect to the second element, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.  Harris does not specifically allege that any defendant was aware of the conditions in his cell but chose to do nothing about it. Harris claims he was denied cleaning supplies, but he does not allege that he asked for supplies from any defendant or complained about the conditions of his cell to any defendant.

A plaintiff "must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008).  Although a *pro se* litigant is entitled to liberal construction of his pleadings, he must allege more than "conclusory allegations or legal conclusions masquerading as factual conclusions" with respect to "all the material elements to sustain a recovery under some viable legal theory." *Mezibov v.*

6

*Allen*, 411 F.3d 712, 716 (6th Cir. 2005).  Harris fails to meet this standard.  This claim will be dismissed without prejudice to Harris filing an amended complaint within thirty days alleging with specificity what each defendant did to violate his rights under the Eighth Amendment. *See Rashada v. Fiegel*, No. 23-1674, 2024 WL 1367436, at *4 (6th Cir. Apr. 1, 2024) (approving dismissal of pro se complaint without prejudice and with leave to amend).

***

Accordingly, for the reasons explained, the due process claim is dismissed WITH PREJUDICE.  Within THIRTY DAYS from the date of this order, Harris may file an amended complaint concerning his Eighth Amendment claim.  The amended complaint must name the appropriate defendant(s) and provide specific details concerning the (or each) defendant's personal involvement in the alleged unconstitutional conduct.  In the event an amended complaint is not filed within thirty days the Eighth Amendment claim will be dismissed with prejudice.

SO ORDERED.

Dated: August 4, 2025                              s/Robert J. White
                                                  Robert J. White
                                                  United States District Judge