UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISAIAH DUPREE HARRIS,

    Plaintiff,

v.

PROUGH, et al.,

    Defendants.

Case No. 25-cv-11647

Honorable Robert J. White

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Before the Court is *pro se* Plaintiff's motion for leave to file an amended complaint. (ECF No. 7). No Defendant filed a timely response to the motion, and the Court will decide it without oral argument pursuant to Local Rule 7.1(f)(2). For the following reasons, the Court grants in part and denies in part the motion.

Plaintiff initially asserted claims under the Eighth and Fourteenth Amendments, arising from a misconduct investigation and his treatment at a state corrections facility. (ECF No. 1). On August 4, 2025, the Court partially dismissed Plaintiff's complaint. The Court concluded that (1) Plaintiff's Fourteenth Amendment claim must fail because he was ultimately found not guilty of misconduct and (2) Plaintiff insufficiently pled all material elements of his Eighth

Amendment claim. (ECF No. 6).  The Court therefore dismissed the Fourteenth Amendment claim with prejudice, and the Eighth Amendment claim without prejudice.  But the Court granted Plaintiff 30 days to file an amended complaint concerning his Eighth Amendment claim, with the following instructions: "The amended complaint must name the appropriate defendant(s) and provide specific details concerning the (or each) defendant's personal involvement in the alleged unconstitutional conduct." (ECF No. 6, PageID.37).

Plaintiff filed an amended complaint, along with his motion, on September 2, 2025. (ECF Nos. 7-8).  Notably, Plaintiff's motion for leave to amend states that he "seek[s] to add a due process claim against Kim Cargo, (Warden) on similar grounds to those alleged in connection with due process." (ECF No. 7, PageID.38).  The amended complaint, however, is properly limited to claims under the Eighth Amendment.  To the extent Plaintiff is still seeking to pursue due process claims, the Court already dismissed these with prejudice.

Moving to the sufficiency of Plaintiff's proposed amended Eighth Amendment claims,[1] to establish an Eighth Amendment violation based on the

---

[1] The Court is required to *sua sponte* dismiss an *in forma pauperis* complaint if it determines that the action fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted).  Stated differently, "a complaint must contain

2

conditions of confinement, an inmate must show that (1) he suffered a "sufficiently serious" deprivation and (2) a prison official acted with a "sufficiently culpable state of mind" in creating that condition. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation omitted). In prison-conditions cases, a sufficiently culpable state of mind is one of "deliberate indifference" to inmate health or safety. *Id.*

The Sixth Circuit Court of Appeals has held that "placing a prisoner in a cell covered with fecal matter" is a sufficiently serious deprivation satisfying the first element of an Eighth Amendment conditions of confinement claim.[2] *Taylor v. Larson*, 505 F. App'x 475, 477 (6th Cir. 2012). With respect to the second element, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

---

sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

[2] Although the amended complaint generally refers to "cell conditions" without specifying the nature of such conditions, Plaintiff's initial complaint makes clear that he was allegedly placed in solitary confinement for 9½ days in a cell "covered in human feces urine and other bodily fluids, along with rodent excrement." (ECF No. 1).

The key issue here is whether Plaintiff sufficiently alleges that each Defendant knew of and disregarded the conditions of his confinement.  First, this bar is clearly met for corrections officers Kramer and Ellis, who allegedly "placed Plaintiff into a segregation cell[] even after a visual inspection of the cell conditions." (ECF No. 8, PageID.48).  The same is true for ombudsman Keith Barber, who allegedly "contributed to Plaintiff's suffering by failing to repond [sic] or intervene on behalf of Plaintiff after having been alerted to the suffering and serious deprivation [plaintiff] was forced to endure." (ECF No. 8, PageID.49).

This is not so for Winchell and Prough, however, since the allegations against them essentially relate to the misconduct investigation against Plaintiff rather than his allegedly unconstitutional confinement. (ECF No. 8, PageID.49).  Indeed, nothing in the proposed amended complaint indicates that either Winchell or Prough knew of or disregarded the conditions of Plaintiff's solitary confinement.

Lastly, concerning warden Kim Cargo, Plaintiff alleges that

> Cargo[,] in the course of the ten plus days [Plaintiff was subject to solitary confinement], as supervisor was, or should have been, aware of the ongoing actions of all Defendants under her supervision.  As such[,] Cargo showed signs of deliberate indifference.  Including ignoring or not examining the segregation cell conditions that Plaintiff and other inmates are being placed in.

 (ECF No. 8, PageID.48).

The Court concludes that these allegations are too speculative to establish that Cargo ever knew of or disregarded any excessive risk to Plaintiff's health or safety.  Instead,

4

Plaintiff appears to base Cargo's liability on the sole fact that she supervised the other defendants in this case. But Plaintiff has not pled any claim for supervisor liability under *Monell*.

\* \* \*

For the reasons given, the Court ORDERS that the motion for leave to file an amended complaint (ECF No. 7) is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that Plaintiff's proposed amended complaint (ECF No. 8) is accepted for filing, but his claims against Defendants Winchell, Prough, and Cargo are DISMISSED.

Dated: October 27, 2025                     s/Robert J. White_____
                                                                          Robert J. White
                                                                         United States District Judge